# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ALBERTO Z.R.,[1]<br>(A Number: 218-076-106)<br><br>Petitioner,<br>v.<br><br>WARDEN, *California City Correctional Center*,<br><br>Respondent. | Case No. 1:26-cv-03711-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S PETITION BE DENIED**<br><br>(Doc. 1)<br><br>FOURTEEN-DAY DEADLINE |

Mario Alberto Z.R. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I. FACTUAL BACKGROUND

Petitioner is a citizen and national of Venezuela who entered the United States on a B2 visa that expired on March 28, 2020. (Doc. 12 at 6). On January 20, 2026, Immigration and Customs Enforcement officers arrested and detained Petitioner. (Doc. 1 at 1).

On February 11, 2026, Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 1 at 1). The immigration judge ("IJ") denied Petitioner's request for custody redetermination finding Petitioner failed to meet his burden of proof that his release would not pose a danger to other persons or property and that he was not a flight risk. (*Id.*).

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Petitioner then filed a habeas petition, which is now before the Court, challenging his detention as being unconstitutionally prolonged. (Doc. 1). Petitioner seeks immediate release or "a constitutionally compliant bond hearing at which the Government bears the burden of justifying continued detention." (*Id.* at 5).

On June 18, 2026, Respondent filed a motion to dismiss the petition. (Doc. 12). On July 10, 2026, Petitioner filed a reply. (Doc. 15).

## II. JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III. DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following Petitioner's arrest and detention. Petitioner has since been provided with a bond hearing before an IJ. Respondent argues the petition should be dismissed or denied, because Petitioner has already received the process the is due and that Petitioner has avenues of relief, such as an appeal to the Board of Immigration Appeals ("the Board"), that Petitioner must first exhaust. (Doc. 12).

Petitioner argues his continued detention violates due process rights. (Doc. 15 at 13−14).

The undersigned begins with Respondent's contention that Petitioner has failed to exhaust available remedies by failing to seek relief for his claims with the Board before seeking a writ of habeas corpus in this court. (Doc. 12 at 3–4). Petitioner, however, does not challenge the outcome of his bond hearing. Instead, Petitioner brings claims that his detention is unconstitutionally prolonged under the Fifth Amendment's Due Process Clause. Therefore, the undersigned need not address Respondent's exhaustion argument.

Having determined that section 1226(a) informs the nature of Petitioner's detention, the undersigned evaluates whether Petitioner's procedural due process rights have been violated. Respondent argues that the government's compliance with section 1226 afforded Petitioner with all of the process to which he is entitled. (Doc. 12 at 2). The undersigned agrees.

The record shows that Petitioner was detained on January 20, 2026, and removal proceedings were initiated. (Doc. 1 at 1). The record further shows that pursuant to section 1226(a), Petitioner received a bond hearing on February 11, 2026, at which the IJ denied bond because Petitioner was a flight risk and danger to society. (*Id.*).

The Ninth Circuit has held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under section 1226(a) fourteen months after his first section 1226(a) hearing was held. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207–14 (9th Cir. 2022). Although *Rodriguez Diaz* did "not foreclose all as-applied challenges to [section] 1226(a)'s procedures," the undersigned finds that Petitioner has not demonstrated that their case is distinguishable from *Rodriguez Diaz*. *Id.* Thus, the undersigned finds that Petitioner received due process under section 1226(a). *See id.* (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("If [s]ection 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society.").

Finally, if Petitioner contests the IJ's factual determinations, the undersigned lacks jurisdiction to "reweigh [the] evidence" on a challenge to an IJ's bond decision and may "only determine whether the [IJ] applied the correct legal standard." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) (cleaned up).

Accordingly, the undersigned recommends that the Court deny Petitioner's petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus, (Doc. 1), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE